IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL G. SCHAFER,

    Petitioner,                            No. CIV S-08-1114 EFB P

    vs.

KEN CLARK, Warden, et al.,

    Respondents.                        ORDER

_____/

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to the parties' consent. Dckt. Nos. 3, 11. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). Respondent moves to dismiss on the ground that this action is untimely.

**I.    Introduction**

    Respondent seeks dismissal of the petition because it was filed beyond the one-year limitations period applicable to habeas actions. That one-year limitations period commences upon one of four events. The parties dispute which event commenced the limitations period here. Petitioner contends that with respect to his fourth claim,[1] the period began the date the

---

[1] The fourth claim asserts that his sentence of 19 years violates the Eighth Amendment based on *Roper v. Simmons*, 543 U.S. 551, 574 (2005) because he was a minor at the time of the

1

United States Supreme Court announced a new rule and made it retroactively applicable to cases on collateral review. With respect to his third claim,[2] he asserts that it began the date he discovered facts that he could not previously have discovered though the use of due diligence.

Respondent does not differentiate the claims and argues generally that the one-year period began to run as to all claims on the date petitioner's conviction became final on direct review.

As explained below, the court finds that the one-year time period commenced as to all claims on the date petitioner's conviction became final. Moreover, petitioner does not claim that he is entitled to statutory tolling. He does, however, argue for equitable tolling. The court has considered both statutory and equitable tolling and finds that neither apply here. Accordingly, the petition is untimely and this action must be dismissed.

## II. Procedural History

On February 25, 1998, when he was 16 years old, petitioner pleaded guilty to and was convicted of one count of kidnaping and multiple counts of robbery. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc."), 1; Pet'r Opp'n, at 1. He did not appeal.

In December of 1999, petitioner requested the trial court to provide transcripts of his plea and sentencing hearings free of cost. Pet'r Opp'n, Decl. Attach. Thereto ("Pet'r Decl."), at 1, 3. The trial court denied the request on September 7, 2000. Pet'r Decl., Ex. A. When the Supreme Court decided *Blakely v. Washington*, 542 U.S. at 303-04, 296, he realized the significance of these transcripts and began writing to friends and family in an attempt to procure a copies. *Id.*, at 1. A copy of the plea agreement and minute order accepting the plea were sent to him in 2005, whereupon he filed a habeas petition in the trial court. *Id.* It is not clear when, but petitioner attempted to contact his father, who sent him a partial copy of his probation report in 2006. *Id.*

---

offense.

[2] The third claim asserts that the imposition of an enhanced sentence violates of the Sixth and Fourteenth Amendments based on *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004).

at 2. He based all the claims in his federal habeas petitions on this report. *Id.*

The next judicial activity with respect to petitioner's conviction and sentence occurred on July 1, 2005, when petitioner filed a petition for a writ of habeas corpus in the trial court. Lodg. Doc. 2. The trial court denied that petition and he then filed a petition in the appellate court on September 29, 2006. Lodg. Docs. 3, 4. After the appellate court denied relief, petitioner filed petition in the California Supreme Court on October 27, 2006. Lodg. Docs. 5, 6. While that petition was pending, petitioner returned to the trial court with a second habeas petition filed March 21, 2007. Lodg. Doc. 8. Less than one month later, on April 17, 2007, the trial court again denied relief. Lodg. Doc. 9. On May 16, 2007, the California Supreme Court denied the petition pending before it. Lodg. Doc. 7.

Petitioner filed his application for a writ of habeas corpus in this court on May 22, 2008. He raises four claims. Claims three and four are relevant to the parties' dispute about when the limitations period commenced. In claim four, he contends that his sentence of 19 years in prison violates the Eighth Amendment's ban of cruel and unusual punishment because he was 16 years of age at the time he committed the crimes of conviction. Petition at 5. He relies on *Roper v. Simmons*, 543 U.S. at 574, in which the United States Supreme Court held that imposition of the death penalty on juveniles under the age of 18 at the time of the offense violates the cruel and unusual clause of the Eighth Amendment. In claim three, he argues that the trial court determined the statutory maximum based upon which an enhanced sentence could be imposed in violation of the Sixth and Fourteenth Amendments. *See Blakely v. Washington*, 542 U.S. at 303-04.

### III. Standards Governing the Statute of Limitations

Section 2244(d)(1) of Title 28, United States Code provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

////

>      (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
>      (B) the date on which the impediment to filing an application created by
> State action in violation of the constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
>      (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to cases on collateral review; or
>
>      (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the one-year period is tolled once a petitioner properly files a state post conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). The period "is not tolled from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The Supreme Court has held that a habeas petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Ninth Circuit, applying *Pace* has explained that "the threshold for obtaining equitable tolling is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

## IV. Analysis

### A. Commencement of the Limitations Period

The parties' dispute here centers on which of the events enumerated above triggered the commencement of the limitations period for petitioner's claims.

#### 1. <u>28 U.S.C. § 2244(d)((1)(C) - New Supreme Court Decision</u>

In his fourth claim petitioner contends that under *Roper v. Simmons*, 543 U.S. at 574, his sentence violates the Eighth Amendment. Petition at 6. He argues that the one-year limitations period for this claim began to run on March 1, 2005, when the Supreme Court decided *Roper*.[3] Pet'r Opp'n, at 4. He asserts that "[a] fundamental aspect of [his] petition is based on the rationale of the Supreme Court case of Roper v. Simmons (2005) which addresses . . . harsh juvenile sentences . . . ." *Id.* Respondent does not address this argument, but rather, argues generally that all claims are untimely because the petition was filed beyond the one-year period. However, whether *Roper* has any application here is material to the motion. If *Roper* resulted in a change in the law that is material to one or more of petitioner's claims, the limitations period commences as to that claim(s) on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Generally, a new rule of constitutional criminal procedure is not retroactively applicable to cases that have become final on direct review. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007); *Teague v. Lane*, 489 U.S. 288, 305-06 (1989). Such a rule may, however, be retroactively applicable to cases decided after a conviction has become final. *Teague*, 489 U.S. at 209-300. A rule of constitutional criminal procedure is "new" when "it breaks new ground or

---

[3] Application of 28 U.S.C. § 2244(d)(1)(C) due to an intervening change in the law would save only the claim or claims supported by the new decision. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 & n. 6 (2005).

5

imposes a new obligation on the States or the Federal Government." *Id.*, at 300 (modifying *Linkletter* for question of whether new rules apply retroactively to criminal cases that have become final on direct review). A new rule is "made" retroactively applicable when the United States Supreme Court holds that it is. *Tyler v. Cain*, 533 U.S. 656, 661 (2001). New rules "prohibiting a certain category of punishment for a class of defendants because of their status or offense" are exempt from the general rule against retroactivity. *Penry v. Lynough*, 492 U.S. 302, 330 (1989).

Unquestionably, the rule announced in *Roper* is new. Indeed, the Court explicitly overruled existing precedent. *Roper*, 543 U.S. at 563, 564, 574.[4] Furthermore, the rule announced in *Roper* is categorical for purposes of *Penry* because it prohibits capital punishment for a class of defendants because of their status, i.e., age of 18 years and under. Here, the course of events favors retroactive application: petitioner's conviction became final April 26, 1998; *Roper* was decided March 1, 2005; and petitioner filed his first postconviction motion on June 21, 2005, within one year of the change in the law due to *Roper*. Thus, *Roper* is a new rule which, if applicable to petitioner's claim, would apply retroactively and commence the limitations period as to that claim. However, petitioner has not shown how the new rule in *Roper* applies to him.

The Supreme Court held that "[t]he Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed." 543 U.S. at 578. Although he was 16 years of age at the time he committed his crimes, this is not a death penalty case. Rather, petitioner was sentenced to a little over 19 years in prison. He argues that he was tried as an adult and remanded not to the California

////

---

[4] The Supreme Court stated explicitly that upon reconsideration, it rejected the holding of *Stanford v. Kentucky*, 492 U.S. 361, 380 (1989), i.e., capital punishment was permissible for juveniles older than 15 and younger than 18 years of age. *Roper*, 543 U.S. at 556, 564, 566-575.

1  Youth Authority, but instead to Deuel Vocational Institution[5] and suggests that this fact invokes
2  *Roper*. Lodg. Doc. 1. The argument is without merit. Petitioner's sentence and the execution of
3  it are not on a par with the death penalty. Rather, as the Supreme Court has emphasized, there is
4  a "qualitative difference of death from all other punishments," because of its "severity and
5  irrevocability." *See California v. Ramos*, 463 U.S. 992, 996-97, 1013-1014 (1983)
6  (unconstitutional in capital case to refuse to instruct jury that governor has power to grant a
7  reprieve, pardon, or commutation of a sentence). When petitioner's sentence is fully executed,
8  the prison doors will be opened for him. The same cannot be said of a juvenile whose sentence
9  is executed by lethal means. Therefore, even though the rule announced in *Roper* is a new rule
10 that the Supreme Court has made retroactively applicable to cases on collateral review, the rule
11 does not apply in this case. Accordingly, the ruling in *Roper* did not commence the one-year
12 limitations period for any of the claims in this case.

### 2. 28 U.S.C. § 2244(d)(1)(D) - Newly Discovered Facts

In claim three, petitioner contends that his sentence violates the Sixth and Fourteenth
Amendments as explained in *Blakely v. Washington*, 524 U.S. at 303-04. Petition at 5. He
contends that as to this claim, the limitations period commenced the date he discovered the facts
underlying his *Blakely* claim. Pet'r Opp'n, at 3. The limitations period can commence on "the
date . . . the factual predicate of the claim or claims presented could have been discovered
through the exercise of due diligence." 28 U.S.C. § 224(d)(1)(D). Under this provision, "[t]ime
begins when the prisoner knows (or through diligence could discover) the important facts, not
when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.
3 (9th Cir. 2001) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also Shannon
v. Newland*, 410 F.3d 1083, 1087-88 (9th Cir. 2005) (a state court's clarification of its own law

---

[5] Contrary to his assertions, Deuel Vocational Institution is not an adult prison. Pet., at 4. Rather, it houses those deemed too mature for the youth authority, but too immature for confinement in prisons. *See* Lodged Doc. 1; Cal Pen. Code § 2036.

7

1  is not a "factual predicate" for purposes of triggering the running of the limitations period under
2  § 2244(d)(1)(D)).

3       Petitioner argues that all of his claims are based on the partial copy of the probation
4  report he received in 2006, which he began seeking in earnest in 2004 after learning of the
5  decision in *Blakely*, 542 U.S. at 303-04.  In essence, he asserts that he began searching for the
6  facts underlying his claim when he realized the significance that certain facts would have if he
7  discovered them.  Thus, as a matter of law, his contention fails.

8       Further undermining petitioner's argument is the fact that he was represented by counsel
9  at the sentencing hearing.  Pet'r Opp'n, at 2.  While he alleges that counsel failed to give him a
10 copy of this report, he does not allege that counsel failed to discuss the report with him.  *Id.*  It
11 appears from the record that petitioner knew the contents of this report at the time of sentencing.
12 Furthermore, he does not allege he was absent from the sentencing hearing.  Therefore, he knew
13 or should have known at the time of that hearing what factors the sentencing judge relied upon in
14 imposing the sentence.  On these facts, the court cannot find that petitioner did not know the
15 information necessary to bring his claims until 2006, when he received a copy of the report.
16 Accordingly, the limitations period was not commenced when he obtained this report.

17      The court has found that the limitations period did not commence based on the events
18 petitioner claims.  Having reviewed respondent's argument and section 2244(d)(1)(B), the court
19 finds that the limitation period began the date petitioner's conviction was final.  Accordingly, the
20 court turns to the question of when petitioner's conviction became final.

21                    **3.  <u>28 U.S.C. § 2244(d)(1)(A) - Finality of the Conviction</u>**

22      California law governs the question of finality.  Respondent asserts that he did not file
23 an appeal and nothing in the record suggests otherwise.  Indeed, petitioner does not allege that he
24 appealed his conviction.  Therefore, under state law his conviction was final 60 days after the
25 trial court entered its judgment. California Rules of Court, Rule 8.308.  The trial court entered
26 judgment on February 25, 1998.  Therefore, his conviction was final on April 27, 1998, and he

had until April 28, 1999, to file his federal habeas petition. Absent tolling, the May 22, 2008, petition is untimely.

**B. Statutory Tolling**

Although petitioner does not contend that he is entitled to statutory tolling, he does seek equitable tolling and the Ninth Circuit has instructed that district courts must determine whether a petitioner benefits from statutory tolling before considering whether he is entitled to equitable tolling. *Jorss v. Gomez* 311 F.3d 1189, 1192 (9th Cir. 2002) (equitable tolling framework requires a court first determine whether the petition was timely filed under 28 U.S.C. § 2244(d)(1) and whether the petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2)).

While petitioner filed a number of habeas petitions in California's courts, none of them provides a basis for statutory tolling. A motion for postconviction relief in the state court does not toll the limitation period if it is filed after the limitations period expires. *See Fergusun v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period when it expires before a timely state petition for post-conviction relief was filed). Petitioner filed his first habeas petition in the state courts on July 1, 2005, nearly six years[6] after the limitation period expired. Petitioner has not established a basis for statutory tolling. Therefore, unless he can demonstrate he is entitled to equitable tolling, the federal application must be dismissed as untimely.

**C. Equitable Tolling**

Petitioner has the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. at 418. As the Ninth Circuit has instructed, petitioner faces a very high threshold and must shows that despite diligently pursuing his rights, some extraordinary

---

[6] He filed precisely 5 years, 11 months and 4 days after the limitations period expired.

9

1 circumstance prevented him from timely filing his petition. *Waldron-Ramsey*, 556 F.3d at 1011.

2       Petitioner alleges that a number of factors warrant a finding that he is entitled to equitable
3 tolling. Pet'r Opp'n, at 1-3. Only one of those circumstances occurred before the limitations
4 period expired and could possibly meet the applicable standard. He asserts that lockdowns
5 occurring "for years" and as early has when he was first committed to custody made it
6 impossible for him to gain access to the law library. *Id*. at 1, 3. While a lack of access to the law
7 library and legal materials can be a basis for granting equitable toling, *Lott v. Mueller*, 304 F.3d
8 918, 925 (9th Cir. 2002), petitioner must allege facts showing that this circumstance was
9 extraordinary and prevented him from timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th
10 Cir. 1999)(petitioner alleged detailed facts about prison officials' mishandling of his petition and
11 request for funds to pay the filing fee). Petitioner asserts that during the lockdowns, only
12 prisoners with filing deadlines were permitted access to the law library during the lockdowns.
13 He does not allege that he requested time in the law library due to deadlines, but was denied
14 access. Neither does he allege when the lockdowns began and ended. It is unlikely that prison
15 officials held all prisoners on lockdown continually for all of the years he references, and he
16 does not allege that he had no access to the law library between periods of lockdown. Other than
17 this general allegation about lockdowns, he does not allege that he took any measures to
18 challenge his conviction until December of 1999. His federal petition was due no later than
19 April 26, 1999, about 7 months before he requested that the trial court send him copies of the
20 transcripts of the plea and sentencing hearings. By definition, tolling of a limitations period
21 cannot begin after the limitations period has expired. *See Fergusun*, 321 F.3d at 823. Therefore,
22 no action that petitioner took after April 26, 1999, entitles him to equitable tolling, no matter
23 how extraordinary the circumstances and regardless of how diligence he was thereafter.
24 Accordingly, equitable tolling does not apply and the petition is untimely.

25 ////

26 ////

10

## V. Conclusion

The date that petitioner's conviction became final triggered the commencement of the one-year limitations period for all the claims in his the petition. Petitioner filed the instant petition for a writ of habeas corpus after the limitations expired, and he has not demonstrated that he is entitled to any sort of tolling. Therefore, the petition is untimely and respondent's motion must be granted.

Accordingly, it is hereby ORDERED that:

1. Respondent's December 19, 2008, motion to dismiss this action as untimely is granted;

2. This action is dismissed; and,

3. The Clerk is directed to close the case.

Dated: September 25, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE